UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

STEVEN LESSARD                        :
                                      :
    v.                                :
                                      :
TYCO ELECTRONICS CORP.                :    C.A. No. 09-112S
                                      :
    v.                                :
                                      :
HAYWARD INDUSTRIES, INC.              :
d/b/a GOLDLINE CONTROLS               :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommended disposition (28 U.S.C. § 636(b)(1)(B); LR Cv 72) is Third-Party Defendant Hayward Industries, Inc.'s ("Hayward") Motion to Dismiss Tyco Electronics Corporation's ("Tyco") Amended Third-Party Complaint against it. (Document No. 20). A hearing was held on August 20, 2009. For the reasons outlined herein, I recommend that Hayward's Motion to Dismiss be DENIED.

**Background**

Plaintiff Steven Lessard commenced this action against Tyco in Superior Court on February 18, 2009. (Document No. 1-2). Tyco removed the case to this Court based on diversity of citizenship. (Document No. 1). In the Complaint, Plaintiff alleges that he was injured while operating a machine "designed, manufactured, assembled and sold" by Tyco and that such injury "ultimately require[d] the removal of [his] right eye." (Document No. 1-2, ¶¶ 3-4). Plaintiff's claims against Tyco are based in negligence and strict product liability theories. Plaintiff broadly alleges in Count I that Tyco was negligent by: (1) failing to "use due care in the design,

manufacture, assembly, and sale" of the machine; (2) failing to "provide adequate directions for the use" of the machine; (3) selling the machine "without proper and adequate instructions;" (4) failing to "make or cause reasonable inspection to be made, to discover and to correct defects" in the machine; (5) failing to "give adequate warnings to the Plaintiff of the said defects in and/or inadequacy" of the machine; (6) failing to "adequately test" the machine; and (7) "misrepresenting the...machine as safe and as to the purpose for which the machine could be used." Id. at ¶ 7. Plaintiff generally alleges in Count II that the machine was defectively designed, assembled and manufactured and as a result "became unsafe for its intended use." Id., ¶ 10. Plaintiff's employer at the time is not specifically identified in the Complaint and, although implicit in the allegations, Plaintiff's Complaint does not unequivocally aver that Tyco sold or leased the machine in question to Plaintiff's employer. In the Third-Party Complaint, Tyco alleges that Plaintiff was an employee of Hayward d/b/a Goldline Controls and that Tyco manufactured the machine and leased it to Hayward. (Document No. 12, ¶¶ 3-4). Since it moved to dismiss the Thirty-Party Complaint, Hayward has neither admitted nor denied these allegations in an Answer.

A Rule 16 Scheduling Conference was held in this case on May 14, 2009. On May 18, 2009, District Judge Smith granted Tyco's Motion for Leave to Assert a Third-Party Claim against Hayward. On May 22, 2009, Tyco filed its Third-Party Complaint against Hayward. (Document No. 11). On June 1, 2009, Tyco amended as of right and filed the Amended Third-Party Complaint (Document No. 12) which is the subject of Hayward's pending Motion to Dismiss. Tyco asserts that Plaintiff was allegedly injured while clearing a jam in a machine manufactured by Tyco and leased to Hayward. (Document No. 12, ¶¶ 3-4). Tyco contends that the machine lease agreement between

it and Hayward includes an indemnity provision[1] and that it is "entitled to contractual indemnity from Hayward...based upon the contractual indemnity provision in the contract between" Tyco and Hayward. Id., ¶¶ 5, 7. Additionally, Tyco asserts that Plaintiff's injuries were proximately caused by his own and/or Hayward's negligence. Id., ¶ 6.

Hayward makes two arguments in support of dismissal of the Amended Third-Party Complaint. First, Hayward argues that the Amended Third-Party Complaint is improper pursuant to Fed. R. Civ. P. 14(a) because Tyco's indemnity claim against it is not dependent upon resolution of the primary lawsuit brought by Plaintiff against Tyco. In particular, it contends that Tyco's contractual indemnity claim depends on factual assertions that are in no way related to and/or dependent on the outcome of Plaintiff's underlying claims. Second, Hayward argues that Tyco's third-party claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it is merely conclusory as to Hayward's alleged liability to Tyco and does not contain the necessary factual basis that would require Hayward to indemnify Tyco if Tyco was liable to Plaintiff. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 520 (2007)). ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Tyco counters that it is not required to prove its case at this stage and has plead a "plausible" contractual indemnification claim. In particular,

---

[1] Tyco alleges that the lease agreement includes the following indemnity provision:

> By accepting delivery of the Products ordered, Buyer [Goldline] agrees that it indemnifies and holds harmless Seller [Tyco Electronics] from and against all claims, loss, damage and liability, including without limitation for personal injury, property damage or commercial loss of whatever kind, directly or indirectly, arising from or relating to the hazards inherent in Buyer's facilities or activities.

The lease agreement itself is not part of the record.

it argues that the indemnity language in question is "sufficiently broad" to support Tyco's claim for indemnity against Hayward if it is liable to Plaintiff on some or all of his underlying claims.

**Discussion**

Rule 14(a)(1), Fed. R. Civ. P., permits a defendant to implead a third-party "who is or may be liable to [it] for all or part of the plaintiff's claim against [it]." The Rule also permits any party to move to strike a third-party claim (Fed. R. Civ. P. 14(a)(4)) and requires a third-party defendant to assert any defenses against the third-party claim under Rule 12 (Fed. R. Civ. P. 14(a)(2)(A)). "The purpose of Rule 14 impleader is to promote judicial efficiency by eliminating the need for a separate action against a third individual who may be liable, under the same set of facts, to the defendant for all or part of the plaintiff's original claim." United States v. Davis, No. 90-484T, 1997 WL 871525 at *5 (D.R.I. Aug. 29, 1997). In other words, "the impleader action must be dependent on the main claim." Murphy v. Keller Indus., Inc., 201 F.R.D. 317, 319-320 (S.D.N.Y. 2001). See also Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 376 (1978) ("A third-party complaint depends at least in part upon the resolution of the primary law suit....Its relation to the original complaint is thus not mere factual similarly but logical dependence.").

Hayward argues that "[i]n disputes regarding whether a third-party complaint is properly asserted, 'the burden [is] on the third-party plaintiff to show that if it is found liable to the third-party plaintiff, the third-party defendant will in turn be liable to the third-party plaintiff.'" Leasetec Corp. v. Inhabitants of the County of Cumberland, 896 F. Supp. 35, 40 (D.Me. 1995) (quoting Massachusetts Laborers' Health and Welfare Fund v. Varrasso, 111 F.R.D. 62, 63 (D. Mass. 1986)). However, Hayward does not flesh out the nature of that burden.

Hayward moves for dismissal of Tyco's third-party claim under both Rule 14(a) and Rule 12(b)(6), Fed. R. Civ. P. Under Rule 12(b)(6), Fed. R. Civ. P., the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Iqbal, 129 S. Ct. at 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").

Although I agree that Tyco bears the burden of establishing that its third-party claim is proper under Rule 14(a), that burden will be applied, and the third-party complaint will be construed, against the backdrop of the Rule 12(b)(6) pleading standard. In other words, the issues are whether Tyco states a plausible claim for indemnification against Hayward upon which relief can be granted and, if so, whether that claim is properly brought under Rule 14(a) in the context of this case.

Both parties' arguments center on the meaning of the contractual indemnity clause in issue. In the clause, Hayward agrees to indemnify Tyco from and against "all claims, loss, damage and

liability...arising from or relating to the hazards inherent in Buyer's facilities or activities." Tyco argues that this clause is "broadly written" and is triggered because the allegations in Plaintiff's Complaint arise from or relate to hazards inherent in Hayward's facilities or activities. (Document No. 28 at p. 2). In other words, a work-related eye injury from a machine is a hazard inherent in a manufacturing operation.

Hayward responds that under Rhode Island law "indemnity provisions are to be strictly construed against the party alleging a contractual right to indemnification," Muldowney v. Weatherking Prod., Inc., 509 A.2d 441, 443 (R.I. 1986), and that "one will not be held harmless for his own negligence pursuant to an indemnity provision unless the specific and unambiguous intent of the parties is to shift liability to the non-negligent party." DiLonardo v. Gilbane Bldg. Co., 334 A.2d 422, 423 (R.I. 1975). Hayward argues that the clause is silent as to the machine in question and does not specifically and unambiguously shift liability from Tyco to it. Hayward also contends that "Tyco fails to allege how the indemnity and hold harmless language relating to 'facilities' and 'activities' would cover the injuries to the Plaintiff, which resulted from the use of Tyco's own product." (Document No. 21 at p. 11).

In their briefs, both sides forget that this issue must be decided on the current pleadings and attempt to expand the record with extraneous "evidence." The only operative pleadings are Plaintiff's Complaint (Document No. 1-2), Tyco's Answer (Document No. 3) and Tyco's Amended Third-Party Complaint (Document No. 12). Frankly, these pleadings do not shed enough light to permit the Court to presently make an informed judgment as to the true nature of Plaintiff's claims and the scope of the disputed indemnity clause. Plaintiff's Complaint contains little detail as to how Plaintiff was injured and does not identify his employer at the time. Plaintiff generally alleges a

strict product liability claim and several theories of negligence against Tyco. Although Plaintiff alleges that Tyco manufactured and sold the machine on which he was injured, he does not specifically allege that Tyco sold it to his employer. Tyco admits that it makes a product known as AMP-5K[2] but does not admit much else in its Answer. In its Third-Party Complaint, Tyco alleges that Plaintiff was employed by Hayward and that Tyco manufactured the machine in question and leased it to Goldline.

Beyond the facts which can be gleaned from the pleadings, Hayward asserts in its brief that Goldline Controls is a division of it and that Plaintiff was employed by Hayward at the time he was injured and the injury occurred during the course of his employment. (Document No. 20 at pp. 3 and 7). Hayward also represents in a supplemental brief that Tyco drafted the indemnity clause in issue. (Document No. 31 at p. 3). While these facts may well be true, they cannot reasonably be gleaned from the pleadings and have no evidentiary basis in the record. Similarly, Tyco describes Goldline's operations in its supplemental brief and the purpose of the machine in question which it asserts is reasonably necessary for the operation of Goldline's business. (Document No. 28 at pp. 1-2). Again, while these facts may be accurate, they are not contained in the pleadings, and have no evidentiary basis in the record.

Plaintiff commenced this action in state court. Consistent with the "notice pleading" standards applicable in Superior Court, see Conservation Law Found. v. Gray, No. 05-1958, No. 04-6044, 2006 WL 216053 at *4 (R.I. Super. Jan. 27, 2006) (citing Konar v. PFL Life Ins. Co., 840 A.2d 1115, 1118 (R.I. 2004)), Plaintiff's Complaint contains little detail as to how the machine

---

[2] Plaintiff identified the machine in his Complaint as the AMP-5K/40 which the Court assumes is the same as the AMP-5K identified by Tyco in its Answer.

caused Plaintiff's eye to be injured, and as to the specific nature of the alleged defect(s) in the machine or the actions or omissions of Tyco claimed to be negligent. Similarly, the Third-Party Complaint offers no insight into those issues and little detail about the transaction which included the alleged indemnity agreement running from Hayward/Goldline[3] to Tyco. As previously noted, the sale or lease agreement containing the indemnity clause is not part of the record. Finally, the operative pleadings are silent as to the nature of Hayward/Goldline's "facilities or activities" and the "hazards inherent" therein which appear to delineate the scope of indemnity under the clause in dispute.

Based on the current posture of this case and the very limited record before the Court, it is premature to define the scope of any indemnification obligation of Hayward/Goldline to Tyco and to determine whether it is the proper subject of a third-party complaint in this case. Applying the applicable standards under both Rule 12(b)(6) and Rule 14(a), the Court concludes that Tyco has at least stated a plausible claim for contractual indemnity against Hayward and thus that it is at least plausible at this early stage that Hayward may be liable to Tyco for all or part of Plaintiff's claims against Tyco. In other words, a review of the operative pleadings does not definitively lead the Court to the legal conclusion advanced by Hayward that Plaintiff's claims in this case could never, as a matter of law, trigger the contractual indemnity clause in issue. Thus, I recommend that the District Court DENY Hayward's Motion to Dismiss (Document No. 20) but do so without prejudice to Hayward challenging the legal and/or factual basis for Tyco's third-party claim in the future, if appropriate, based on a more fully developed record pursuant to Fed. R. Civ. P. 56.

---

[3] The record also fails to clarify the corporate relationship, if any, between Hayward and Goldline, if Tyco sold or leased the machine in question, and whether such sale or lease was from Tyco to Hayward or to Goldline. (See Document Nos. 7 at ¶ 7 and 12 at ¶ 5).

**Conclusion**

For the foregoing reasons, I recommend that Hayward's Motion to Dismiss (Document No. 20) be DENIED.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 22, 2009